D. M. ROBBINS and Another v. CHARLES H. BLANDING.[1]

October 24, 1902.

Nos. 13,205—(159).

**Principal and Agent—Ratification.**

A failure to disavow the acts of a mere volunteer, who meddlingly assumes to act without authority as agent of another, will not constitute a ratification. But where a person in good faith assumes to act as the agent of another, but without authority in fact, in any particular transaction, the latter, upon being fully informed thereof, must, in cases where his silence might prejudice the assumed agent or innocent third parties, disavow the act within a reasonable time, or he will be held to have ratified it.

**Evidence.**

Evidence considered, rule applied, and *held*, as a matter of law, that the defendant in this case ratified a sale made by the plaintiffs for him.

Action in the district court for Becker county to recover $423.50, and interest, for money paid by plaintiffs to the use of defendant at his request. The case was tried before Baxter, J., and a jury, which rendered a verdict in favor of defendant. From a judgment entered pursuant to the verdict, plaintiffs appealed. Reversed, and judgment ordered in favor of plaintiffs for amount claimed.

*J. M. Witherow* and *Ball, Watson & Maclay*, for appellants.

*C. M. Johnston*, for respondent.

[1] Reported in 91 N. W. 844.

START C. J.

This is an action to recover from the defendant $423.50, which the plaintiffs allege they were compelled to pay for him in the execution of a contract, made for him by them as his brokers, for the sale of seven hundred bushels of flax for future delivery, which he failed to deliver. The answer, in legal effect, is a general denial. At the close of the evidence the plaintiffs requested the trial court to direct a verdict for them for the amount claimed and interest. The court denied the request, the plaintiffs excepting, and submitted the case to the jury, which returned a verdict for the defendant. The plaintiffs then made a motion for judgment notwithstanding the verdict, or for a new trial, which was denied, judgment entered on the verdict, from which they appealed.

The trial court instructed the jury that, if the plaintiffs were authorized by the defendant to make the sale in question for him, they were entitled to recover the amount claimed, and that this was the only question for the jury to pass upon. It is clear from the record that, if the plaintiffs were so authorized, they were entitled to recover; hence the only question for our decision is this: Does it conclusively appear from the undisputed evidence, as a matter of law, that the plaintiffs were authorized to make the sale in question for the defendant? We answer the question in the affirmative.

The undisputed evidence, accepting the testimony of defendant as true, establishes these facts: The plaintiffs were grain commission merchants doing business on the Duluth Board of Trade, and Charles De Leuw was their traveling agent, soliciting business for them. He was not a member of the board of trade. These facts were known to the defendant. In April, 1900, the defendant had a conversation with Mr. De Leuw to the effect that, if the defendant desired to sell grain on the Duluth Board of Trade, he would advise Mr. De Leuw, who would personally attend to the matter, and use his discretion whether to sell or not, the whole proposed business being left to his judgment; and, in case he sold, the deal was to be carried without calling on the defendant for margins. Thereafter, and on April 18, 1900, the defendant sent a telegram to Mr. De Leuw at Duluth, care of the plaintiffs, di-

recting him, in effect, to sell for him seven hundred bushels of flax for October delivery. Mr. De Leuw was absent when this order was received at Duluth, and it was executed by the plaintiffs by a sale of the flax on the Board of Trade for $1.12½ per bushel, to be delivered in the month of October following. They at once wired the sale to the defendant, which was followed by a letter of confirmation. The telegram and letter were duly received by the defendant, but he never answered either. The letter was as follows:

✓ "We have your message this morning, addressed to our Mr. De Leuw, who is on the road at the present time, giving orders to sell 700 bu. Oct. flax. Supposing it to be all right beyond question, we sold the 700 bu. flax to arrive in October at 1.12½, which was the price at the time we received the message, and send you confirmation herewith, and trust this is satisfactory."

Flax advanced in price, and on June 18, 1900, the plaintiffs called upon the defendant for margins, who answered by letter thus:

"Replying to your favor of the 18th, will say that I was given to understand by Mr. De Leuw that, if I wish to sell a car, you would not require me to put up any margins; otherwise I should not have gone into the deal. Kindly let me hear from you."

The plaintiffs replied by letter dated June 20, 1900, giving their understanding of the matter of margins, and repeated the demand therefor. To this the defendant made no reply, but on October 18 thereafter he wrote the plaintiffs to the effect that he had been advised that, inasmuch as the plaintiffs agreed to carry the sale without margins, and had twice drawn drafts upon him therefor, which he had refused to honor, the deal was annulled, and that he had written to Mr. De Leuw to that effect. The defendant never paid any margins, and the plaintiffs were compelled to carry the sale in accordance with the rules of the board of trade, and to deliver the flax on October 31, 1900. The market price of flax was then $1.73 per bushel, whereby the plaintiffs sustained a loss of $423.50. It is for this loss, and not for commissions or margins paid, that this action was brought.

The rule of law applicable to these facts is elementary, and based upon the plainest principles of business integrity. It is this: A failure to disavow the acts of a mere volunteer, who meddlingly assumes to act without authority, as the agent of another, will not constitute a ratification. But where a person in good-faith assumes to act as the agent of another, but without authority in fact, in any particular transaction, the latter, upon being fully informed thereof, must, in cases where his silence might prejudice the assumed agent or innocent third parties, disavow the act within a reasonable time, or he will be held to have ratified it. Stearns v. Johnson, 19 Minn. 470 (540); Mechem, Ag. §§ 154—157. As to such third parties it would seem that the element of good faith of the assumed agent is not essential. Heyn v. O'Hagen, 60 Mich. 150, 157, 26 N. W. 861.

The plaintiffs were not obtrusive volunteers, acting without probable cause. They may well have assumed that the order to sell the flax sent to their agent in their care was to be executed by them. It was a matter which could not be delayed, and they promptly executed the order. But, to prevent any misunderstanding, they at once fully advised the defendant by letter of confirmation, stating that they had executed the order sent to their agent, supposing it to be right beyond question, and expressing the hope that their action was satisfactory to him. This letter was received by the defendant the next day. His plain duty was, if their act was unauthorized, to so advise them without unreasonable delay, so that they might protect themselves from loss, if he intended to disavow their act. He could not keep silent, and speculate on the chance of the price of flax going up or down, and, if time demonstrated that the sale was a good one for him, then ratify it, or, if it proved otherwise, repudiate it as unauthorized. He not only failed for an unreasonable time to disavow the act of the plaintiffs, but on June 19—sixty days after he was advised of the sale and all of its details—he wrote to the plaintiffs, and, instead of repudiating the sale, as his counsel claims, he impliedly, if not directly, recognized the authority of the plaintiffs to make the sale for him, for he did not claim that he never authorized the sale, but simply gave his understanding of the terms of the sale as

to margins. Again, in his letter of October 18 he recognized the
authority of the plaintiffs to make the sale, but considered the
transaction void, because they called upon him for margins, con-
trary to the contract of agency. If it be conceded that the plain-
tiffs were not originally authorized to make the sale for the de-
fendant, still it must be held, upon the undisputed evidence, as a
matter of law, that the defendant ratified the sale, and the case
stands as if the sale was originally authorized.

It is therefore ordered that the judgment appealed from be re-
versed, and the cause remanded, with directions to the district
court to grant plaintiffs' motion for judgment, and cause judgment
to be entered in their favor for the amount claimed.